# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 97-40557

JAMES R. CHAMRAD, ET AL.,

Plaintiffs,

JAMES R. CHAMRAD,

Plaintiff-Appellant,

versus

VOLVO CARS OF NORTH AMERICA,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas

June 17, 1998

Before POLITZ, Chief Judge, GARWOOD and BARKSDALE, Circuit Judges.

POLITZ, Chief Judge:

James Chamrad appeals an adverse summary judgment in favor of Volvo Cars of North America which was based on the conclusion that Chamrad lacks standing as a "consumer" under the Texas Deceptive Trade Practices--Consumer Protection Act (DTPA). Finding no error, we affirm.

## BACKGROUND

In 1989, Chamrad and Nancy O'Connor, Chamrad's girlfriend, began shopping for a car for O'Connor. They made three trips to the Royal Motors Volvo dealership in San Francisco, where they then were living. They were informed that the air bags would deploy in collisions at 15 miles per hour and up, protecting the driver and passenger.

O'Connor subsequently purchased a 1989 Volvo station wagon from a Texas dealer. On December 18, 1994, Chamrad had an accident while driving O'Connor's vehicle. The airbag did not deploy and Chamrad suffered serious injuries in the accident.

Chamrad and O'Connor were married in June 1995 and in October 1995 they filed suit against the defendant in state court alleging breach of express warranties and violation of the DTPA. Volvo removed the action to federal court and was granted summary judgment as to all of the plaintiffs' claims. Chamrad appeals the district court's dismissal of his claim under the DTPA.

## ANALYSIS

On appeal of a summary judgment our review of the record is plenary and we apply the same standard as that used by the district court, viewing the facts and

drawing inferences in favor of the nonmoving party.[1]    Summary judgment is only

appropriate when there is no genuine issue as to any material fact and the moving

party is entitled to judgment as a matter of law.[2]

Under the DTPA, only a consumer may allege deceptive trade practices.[3]

We agree with the district court's  conclusion that Chamrad failed to qualify as a

"consumer," which is defined as an individual "who seeks or acquires by purchase

or lease, any goods or services." [4]

Chamrad claims that he is a consumer under the Act.  He contends that direct

contractual privity between an individual and the defendant is not a factor in

determining an individual's status as a consumer, and that the appropriate focus is

the individual's relationship to the transaction.[5]  Prior to the purchase of the car

---

[1]**Elliott v. Lynn**, 38 F.3d 188 (5th Cir. 1994).

[2]Fed. R. Civ. P. 56 (c); **Celotex Corp. v. Catrett**, 477 U.S. 317 (1986).

[3]TEX. BUS. & COM. CODE. ANN.  § 17.50; The elements of a DTPA cause of action are: 1) The plaintiff is a consumer; 2) the defendant engaged in false, misleading, or deceptive acts; and 3)  these acts constituted a producing cause of the consumer's damages. TEX. BUS. & COM. CODE. ANN. § 17.41 *et seq.*; **Doe v. Boys Clubs of Greater Dallas, Inc.**, 907 S.W.2d 472 (Tex. 1995).

[4]TEX. BUS. & COM. CODE. ANN. § 17.45(4).

[5]**Birchfield v. Texarkana Mem. Hosp.**, 747 S.W.2d 361 (Tex. 1987); *See* **Wellborn v. Sears, Roebuck & Co.**, 970 F.2d 1420 (5th Cir. 1992); **Arthur Andersen & Co. v. Perry Equip. Corp.**, 945 S.W.2d 812 (Tex. 1997).

Chamrad and O'Connor, who were engaged to be married, shopped for a vehicle with the intentions of purchasing a safe, family car. Chamrad maintains that his relationship to the purchase of the vehicle qualifies him as a consumer. We are not persuaded. Based on the facts presented in this case, Chamrad's relationship to the transaction was tenuous and he was no more than an incidental beneficiary.

Chamrad has not established that his relationship to the transaction was significant. In *Rodriguez v. Ed Hicks Imports*,[6] the plaintiff suffered injuries when the radiator on his girlfriend's automobile exploded, spraying him with scalding liquid. Rodriguez brought a personal injury action against the seller of the automobile alleging several causes of action, including a claim under the DTPA. The Texas Court of Appeals affirmed summary judgment for the defendant on the DTPA claim, concluding that Rodriguez was not a consumer. He was not involved in the purchase of the car and therefore he did not acquire by purchase or lease any goods or services that formed the basis of the complaint.[7]

Although he visited several Volvo dealerships in San Francisco, Chamrad

---

[6]767 S.W.2d 187 (Tex. App.--Corpus Christi 1989); *See Also* **Plumley v. Landmark Chevrolet, Inc.**, 122 F.3d 308 (5th Cir. 1997) (decedent was not considered a consumer even though as guarantor, he provided $500 of the purchase price for his son's car and was to be the co-signor of the car note.)

[7]**Rodriguez**, 767 S.W.2d at 191.

never visited the Advantage Leasing dealership in Victoria, Texas, where the subject vehicle was purchased, nor did he make logistical or financial arrangements for the purchase. O'Connor paid for the car and placed the title in her name. Chamrad had no relationship whatsoever to that transaction.[8]

Chamrad was no more than an incidental beneficiary of the purchase. In order to claim "consumer" status, the underlying transaction must be consummated with an intent to benefit the claimant. In *Arthur Andersen & Co. v. Perry Equip. Corp.*,[9] Perry Equipment sued Arthur Andersen for making a faulty audit, which Perry relied on in deciding to purchase Maloney Pipeline Systems. Arthur Andersen contended that Perry was not a consumer under the DTPA because it did not purchase the services which were the basis of the DTPA claim. The Texas Supreme Court, however, held that "the DTPA does not require the consumer to be an actual purchaser or lessor of the goods or services as long as the consumer is the beneficiary of those goods or services."[10] It is clear in *Arthur Andersen* that not only was there an underlying relationship, the audit at issue was for the benefit of

---

[8]In fact, O'Connor's business manager Ray Riggs, negotiated and physically purchased the Volvo for O'Connor.

[9]945 S.W.2d 812 (Tex. 1997) (*citing* **Kennedy v. Sale**, 689 S.W.2d 890 (Tex. 1985).

[10]**Id.** at 814-815.

both Perry and Maloney. Arthur Andersen was aware that Perry had required the audit as a condition of sale and would rely on the accuracy of its work.[11]

In *Wellborn v. Sears Roebuck & Co.*,[12] we concluded that a young boy, killed when he was pinned underneath a garage door when the automatic door opener failed to reverse, was a consumer under the DTPA because he was a beneficiary of his mother's purchase of the door opener. We found that because the door was purchased for his benefit, installed in his home, and used by him; he was a consumer.[13]

In this case, unlike in *Arthur Andersen* and *Wellborn*, there is no evidence to support the proposition that O'Connor, in seeking to acquire or purchase a good or service, bought the vehicle with the intent to benefit Chamrad. Neither at the time of the purchase nor the accident were Chamrad and O'Connor married. At all relevant times Chamrad owned his own vehicle. The Volvo belonged to O'Connor and was for her use. Finally, the record reflects that over approximately a five-year period Chamrad drove the vehicle on only one occasion, the night of the accident.

---

[11]**Id.** at 815.

[12]970 F.2d 1420 (5th Cir. 1992).

[13] **Id.** at 1427; *See Also*, **Kennedy v. Sale**, 689 S.W.2d 890, 892 (Tex. 1985) (an employee covered by group insurance, purchased by his employer, was a consumer because he acquired benefits of the services of the policy).

We are persuaded that the record does not support the claim that Chamrad had a relationship to the transaction or that he was more than an incidental beneficiary of the purchase of the car. He therefore was not a consumer under the Act and lacks standing to invoke the DTPA.

The judgment appealed is AFFIRMED.