**TOWN OF FAIRVIEW,
TEXAS, Appellant**

v.

**H. Roger LAWLER, Appellee.**

**No. 05–07–01617–CV.**

Court of Appeals of Texas,
Dallas.

May 2, 2008.

Pete Eckert, Garland, Clark H. McCoy, Jr., Wolfe, Tidwell & McCoy, LLP, Frisco, for Appellant.

Julia F. Pendery, Dallas, Jeffrey Lance Vanzant, Denton, for Appellee.

Before Justices MORRIS, WHITTINGTON, and O'NEILL.

## OPINION

Opinion by Justice WHITTINGTON.

The Town of Fairview, Texas, filed this interlocutory appeal, complaining of the trial judge's denial of its plea to the jurisdiction. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(8) (Vernon Supp.2007). In two issues, the Town claims the trial judge erred in denying its plea to the jurisdiction because Lawler lacks standing to challenge the Town's annexation of his property. In its remaining three issues, the Town contends the trial judge abused his discretion in granting Lawler's request for a temporary injunction. We conclude the trial judge should have granted the Town's plea to the jurisdiction. Accordingly, we reverse the trial court's order, grant the plea to the jurisdiction, and dismiss this case.

In July 1999, the Town passed and adopted an ordinance which approved the annexation of a portion of Lawler's property. Lawler filed suit against the Town, claiming the annexation was void under section 43.033 of the Texas Local Government Code, and seeking disannexation of the property based on the same section of the local government code. In December 2000, the Town subsequently passed and approved an ordinance disannexing the property. The parties later settled.

In October 2004, the Town passed the Fairview Three–Year Plan which again sought to annex a portion of Lawler's property. Under this ordinance, the Town had three years and 31 days in which to annex all property "not removed from the [Town's] annexation plan." On October 12, 2007, the Town posted notice of the October 16, 2007 special Town Council meeting regarding the proposed annexation.

On October 15, 2007, Lawler filed his original petition and application for declaratory and injunctive relief. The trial judge granted a temporary restraining order, enjoining the Town from proceeding with the annexation. On October 22, 2007, the Town filed its plea to the jurisdiction, or alternatively, motion to dissolve the temporary restraining order and opposition to a temporary injunction. On October 26, 2007, the trial judge granted Lawler's request for a temporary injunction. On November 5, 2007, the Town filed its original answer, subject to the plea to the jurisdiction. That same day, the trial judge denied the plea to the jurisdiction. After the Town timely filed its notice of appeal, this interlocutory appeal ensued.

In its first two issues, the Town contends the trial judge erred in denying its plea to the jurisdiction because Lawler lacked standing to challenge the annexation. Under these issues, the Town argues Lawler's complaints are not challenges to the Town's authority to annex and therefore, Lawler lacked standing to bring this suit. For the reasons that follow, we agree.

 Standing is a party's justiciable interest in a controversy and is a component of subject matter jurisdiction. *Nootsie, Ltd. v. Williamson County Appraisal Dist.*, 925 S.W.2d 659, 661–62 (Tex.1996). Standing focuses on who is entitled to bring an action and is determined at the time suit is filed in the trial court. *M.D. Anderson Cancer Ctr. v. Novak*, 52 S.W.3d 704, 708 (Tex.2001); *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 n. 9 (Tex.1993). If a party lacks standing to bring an action, the trial court lacks subject matter jurisdiction to hear the case. *Tex. Ass'n of Bus.*, 852 S.W.2d at 444–45; *see Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 850 (Tex.2000).

 The absence of subject matter jurisdiction may be raised by a plea to the jurisdiction. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex.2000). A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of

action based on lack of subject-matter jurisdiction without regard to the merits of the claim. *Id.* The plaintiff bears the burden of alleging facts that affirmatively show the trial court has subject matter jurisdiction. *Tex. Ass'n of Bus.,* 852 S.W.2d at 446. If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 227 (Tex.2004) (citing *Bland,* 34 S.W.3d at 555). If the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Miranda,* 133 S.W.3d at 228. We review the trial judge's ruling on a plea to the jurisdiction under a de novo standard of review. *Tex. Natural Res. Conservation Comm'n v. IT–Davy,* 74 S.W.3d 849, 855 (Tex.2002); *City of San Antonio v. Summerglen Prop. Owners Ass'n Inc.,* 185 S.W.3d 74, 83 (Tex.App.-San Antonio 2005, pet. denied).

A quo warranto proceeding is the "only proper method for attacking the validity of a city's annexation of property" unless the annexation is wholly void. *Alexander Oil Co. v. City of Seguin,* 825 S.W.2d 434, 436 (Tex.1991); *see City of Rockwall v. Hughes,* 246 S.W.3d 621, 627 (Tex.2008) (decision in *Alexander Oil* affirmed rule that unless annexation is void or Legislature has expressly granted private right to challenge annexation in some manner, quo warranto proceeding brought by State is only proper means of attacking municipality's annexation in court). The State is the proper party to bring a quo warranto. TEX. CIV. PRAC. & REM.CODE ANN. § 66.002 (Vernon 1997); *see City of Rockwall,* 246 S.W.3d at 627; *Alexander Oil Co.,* 825 S.W.2d at 437. By requiring the State to bring such a proceeding, "the judgment settles the validity of the annex-

ation on behalf of all property holders in the affected area." *Alexander Oil Co.,* 825 S.W.2d at 437. Thus, a quo warranto suit is the proper way to challenge procedural faults such as the adequacy of a service plan, lack of notice, lack of a quorum for hearing, and "other deficiencies in the procedure of adopting the annexation ordinance." *City of San Antonio v. Hardee,* 70 S.W.3d 207, 210 (Tex.App.-San Antonio 2001, no pet.).

In contrast, a private challenge of an annexation ordinance is proper only when the ordinance is void or the Legislature expressly grants a private right to challenge the annexation in some manner. *Alexander Oil Co.,* 825 S.W.2d at 437; *see City of Rockwall,* 246 S.W.3d at 627. Individuals have been allowed to bring private causes of action when challenging annexation of territory that (i) exceeds statutory size limitations, (ii) is within the corporate limits of another municipality, (iii) is not contiguous with current city limits, and (iv) has a boundary description that does not close. *See Alexander Oil Co.,* 825 S.W.2d at 437; *City of San Antonio,* 70 S.W.3d at 210; *City of Wichita Falls v. Pearce,* 33 S.W.3d 415, 417 (Tex.App.-Fort Worth 2000, no pet.).

In his suit for declaratory judgment and injunctive relief, Lawler does not contend the Legislature expressly granted him a private right to challenge the annexation. Rather, he claims the Town's proposed 2007 annexation is "unlawful and prohibited" because the Town was precluded from annexing Lawler's land under section 43.141 of the local government code. Section 43.141, entitled "Disannexation for Failure to Provide Services," provides if an "area is disannexed under this section, it may not be annexed again within ten years after the date of the disannexation." TEX. LOCAL GOV'T CODE ANN. § 43.141(c) (Vernon 2008). Thus, the language of section

43.141(c) specifically limits its applicability to areas disannexed under section 43.141. *Id.* We need not determine whether the attempt to annex a property within the ten-year period renders an ordinance void or voidable because the record in this case shows that Lawler, in response to the first annexation attempt by the Town in 2000, filed his petition for disannexation pursuant to "Texas Local Government Code § 43.033." The following month, the Town approved and passed Ordinance No.2000–060 disannexing Lawler's property "solely pursuant to a Petition for Disannexation submitted pursuant to Section 43.033(b) of the Texas Local Government Code." Section 43.033 does not contain a similar ten year prohibition against subsequent annexation. Because the undisputed evidence shows Lawler challenged the December 2000 disannexation of his property under section 43.033, not under section 43.141, the ten-year limitation set forth in section 43.141(c) does not preclude the Town's 2007 attempted annexation of Lawler's property. Thus, Lawler's challenge to the Town's authority to annex his property under section 43.141 fails because his argument is not supported by the undisputed facts.

Lawler next claims the Town's notice of the meeting to annex his property "did not meet the notice requirements mandated by the Texas Open Meetings Act." The only proper method for challenging "procedural irregularities such as lack of notice, adequacy of the service plan, lack of a quorum for hearing, and other defects in the process of adopting an annexation ordinance" is a quo warranto suit by the State. *City of San Antonio,* 70 S.W.3d at 210; *see Laidlaw Waste Sys.(Dallas), Inc. v. City of Wilmer,* 904 S.W.2d 656, 658 (Tex.1995) (Laidlaw lacked standing to challenge annexation on procedural grounds, such as alleged failures to meet notice and signature requirements); *Alexander Oil Co.,* 825 S.W.2d at 438 (Alexander's allegations whether service plan was adequate and quorum was required to conduct hearing were matters that could be raised in quo warranto but not private challenge). Lawler's challenge to the Town's authority to annex his property based on open meetings act violations fails for lack of standing.

Because Lawler's allegations and the undisputed facts in the record fail to raise an issue whether the proposed annexation by the Town would be void, Lawler lacks standing to bring this private challenge. Thus, the trial court lacked jurisdiction to hear the case. We sustain the Town's first two issues. In light of this, we need not address the Town's final three issues.[1]

We reverse the trial court's order, grant the Town's plea to the jurisdiction, and dismiss this case.

---

1. Because the trial court lacked jurisdiction over this case, it necessarily follows that the trial judge lacked authority to order a temporary injunction.