COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-260-CV

 

 

CAROLEE OKLAND, JEREMY                                               APPELLANTS

ROGERS, DEEPAK MALHOTRA, 

AND DINAH LEFFERT, 

INDIVIDUALLY AND ON BEHALF 

OF ALL OTHERS SIMILARLY 

SITUATED

 

                                                   V.

 

TRAVELOCITY.COM, INC. AND                                              APPELLEES

TRAVELOCITY.COM, LP

 

                                              ------------

 

           FROM THE 342ND
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

                                          I.  INTRODUCTION








Appellants Carolee Okland, Jeremy Rogers, Deepak
Malhotra, and Dinah Leffert, individually and on behalf of all others similarly
situated, appeal the trial court=s orders
striking Appellants= third amended petition, denying
Malhotra=s and
Leffert=s motion
to intervene, and granting Appellees Travelocity.com, Inc. and Travelocity.com,
LP=s
(collectively ATravelocity@) plea
to the jurisdiction and motion to dismiss for lack of subject matter
jurisdiction.  We will affirm.

                          II.  FACTUAL AND PROCEDURAL BACKGROUND








On January 13, 2005, Bruce Deaton, Steven
Polapink, and Carolee Okland filed this putative class action lawsuit against
Travelocity, alleging claims for violation of the Texas Deceptive Trade
Practices Act (ADTPA@),
conversion, imposition of a constructive trust, and money had and
received.  The original class action
petition alleged that customers who reserve hotel rooms through Travelocity are
automatically assessed a ATaxes and Fees@
charge.  According to the petition, the A>Taxes= that
Travelocity levies against customers are in amounts neither required by, nor
tendered to, local or state taxing authorities, and [the taxes] are not
directly related to what Travelocity actually contracts to pay the hotel in
taxes at the time it purchases the room.@  Moreover, the AFees@ charged
Ado not
relate to specific services, but instead serve as a hidden and/or
misrepresented revenue stream on top of the revenue generated from the
difference between what Travelocity charges for a room and what it actually
pays for that room.@ 
The original class action petition alleged that the plaintiffs booked
rooms through Travelocity during the class period and were charged Ataxes
and fees@ and,
consequently, Aexcessive room rates.@[2]

On March 20, 2006, the trial court signed an
order of nonsuit in which it noted and confirmed that Polapink had nonsuited
his claims against Travelocity.  On
August 11, 2006, the trial court signed an order of nonsuit noting and
confirming that Deaton had nonsuited his claims against Travelocity.  This left Okland as the sole remaining named
plaintiff untilCaccording to TravelocityCJeremy
Rogers joined the lawsuit as a putative class representative on April 9, 2007.[3]








On August 8, 2007, Appellants filed a third
amended class action petition listing Okland, Rogers, Leffert, and Malhotra as
named plaintiffs and asserting an additional cause of action for breach of
contract.[4]  Travelocity thereafter filed a motion to
strike Appellants= third amended class action
petition, arguing that the petition unfairly surprised and prejudiced them and
demonstrated a lack of diligence by Appellants. 
The trial court granted Travelocity=s motion
on November 30, 2007.

On February 14, 2008, Travelocity filed its plea
to the jurisdiction and motion to dismiss for lack of subject matter
jurisdiction, arguing that Okland, the only remaining originally-named
plaintiff, lacked standing to assert her statutory and common law claims
because she did not pay for the transactions made the basis of her claims and,
therefore, suffered no injury capable of redress by the lawsuit.  Travelocity argued that because Okland lacked
standing at the time suit was filed, the trial court lacked subject matter
jurisdiction over all of the class claims, necessitating dismissal of the
entire suit.  Travelocity additionally
and alternatively argued that Rogers lacked standing because the only basis for
the claims he asserted against Travelocity were business trips for which he was
later reimbursed.








Before the trial court ruled on Travelocity=s plea
to the jurisdiction, Leffert and Malhotra filed a motion to intervene in the
lawsuit, contending that their claims regarded the same facts as those of
Okland and Rogers and that their intervention would not result in any prejudice
to Travelocity.  The trial court denied
the motion to intervene.  That same day,
the trial court indicated orally that Travelocity=s plea
to the jurisdiction and motion to dismiss as to Okland was granted.  The trial court gave Rogers additional time
to demonstrate that he used Travelocity to book a personal trip, but it
ultimately signed an order granting Travelocity=s plea
to the jurisdiction and motion to dismiss for lack of subject matter
jurisdiction in its entirety.  This
appeal followed.

          III.  TRAVELOCITY=S PLEA TO THE JURISDICTION AND MOTION TO DISMISS

                                       FOR LACK OF SUBJECT MATTER JURISDICTION

 

In their third issue, Appellants argue that the
trial court erred by granting Travelocity=s plea
to the jurisdiction and motion to dismiss for lack of subject matter
jurisdiction.  Appellants argue that both
Okland and Rogers have standing to assert their claims for violation of the
DTPA, breach of contract, imposition of a constructive trust, and money had and
received.  Travelocity replies that the
entire lawsuit was appropriately dismissed because Okland lacks standing.

A.     Standard of Review








A plea to the jurisdiction is a dilatory plea,
the purpose of which is to defeat a cause of action without regard to whether
the claims asserted have merit.  Bland
ISD v. Blue, 34 S.W.3d 547, 554 (Tex. 2000).  Whether the trial court has subject matter
jurisdiction is a question of law that we review de novo.  Tex. Dep=t of
Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex.
2004); Tex. Natural Res. Conservation Comm=n v.
IT-Davy, 74 S.W.3d 849, 855 (Tex. 2002).

The determination of whether a trial court has
subject matter jurisdiction begins with the pleadings.  Miranda, 133 S.W.3d at 226.  The plaintiff has the burden to plead facts
affirmatively showing that the trial court has jurisdiction.  Tex. Ass=n of
Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex.
1993).  We construe the pleadings
liberally in favor of the pleader, look to the pleader=s
intent, and accept as true the factual allegations in the pleadings.  See Miranda, 133 S.W.3d at 226, 228; City
of Fort Worth v. Crockett, 142 S.W.3d 550, 552 (Tex. App.CFort
Worth 2004, pet. denied) (op. on reh=g).








If a plea to the jurisdiction challenges the
existence of jurisdictional facts, we consider relevant evidence submitted by
the parties when necessary to resolve the jurisdictional issues raised.  See Bland ISD, 34 S.W.3d at 555.  We take as true all evidence favorable to the
nonmovant and indulge every reasonable inference and resolve any doubts in the
nonmovant=s favor.  Miranda, 133 S.W.3d 228.  If the evidence creates a fact question
regarding the jurisdictional issue, then the trial court cannot grant the plea
to the jurisdiction, and the fact issue will be resolved by the factfinder.  Id. at 227B28; Bland
ISD, 34 S.W.3d at 555.  But if the
relevant evidence is undisputed or fails to raise a fact question on the
jurisdictional issue, the trial court rules on the plea to the jurisdiction as
a matter of law.  Miranda, 133
S.W.3d at 227B28; Bland ISD, 34
S.W.3d at 555.

B.     Standing

The requirement of standing is implicit in the
open courts provision of the Texas Constitution and contemplates access to the
courts only for those litigants suffering an injury.  M.D. Anderson Cancer Ctr. v. Novak, 52
S.W.3d 704, 708 (Tex. 2001).  Standing
focuses on the question of who may bring an action, and it is determined at the
time suit is filed in the trial court.  Id.;
Town of Fairview v. Lawler, 252 S.W.3d 853, 855 (Tex. App.CDallas
2008, no pet.).  A plaintiff does not
lack standing simply because he cannot prevail on the merits of his claim; he
lacks standing because his claim of injury is too slight for a court to afford
redress.  DaimlerChrysler Corp. v.
Inman, 252 S.W.3d 299, 305 (Tex. 2008).

Standing is a component of subject matter
jurisdiction.  Tex. Ass=n of
Bus., 852 S.W.2d at 445.  If a party
lacks standing to bring an action, the trial court lacks subject matter
jurisdiction to hear the case.  Id.
at 444B45; Lawler,
252 S.W.3d at 855.  If a court lacks
subject matter jurisdiction in a particular case, then it lacks authority to
decide that case.  Novak, 52 S.W.3d
at 708.








In the class action context, whether the named
plaintiff is a proper class representative is not part of the standing
inquiry.  Basham v. Audiovox Corp.,
198 S.W.3d 9, 12 (Tex. App.CEl Paso
2006, pet. denied) (citing Novak, 52 S.W.3d at 710).  A named plaintiff must first satisfy the
threshold requirement of individual standing at the time suit is filed, without
regard to the class claims.[5]  Novak, 52 S.W.3d at 710; see also
Tarrant County Comm=rs Court
v. Markham, 779 S.W.2d 872, 876 (Tex. App.CFort
Worth 1989, writ denied) (AWe
believe the better rule is that the plaintiff must have a personal stake in the
litigation at the time of filing suit.@).  A named plaintiff=s lack
of individual standing at the time suit is filed deprives the court of subject
matter jurisdiction over the plaintiff=s
individual claims and the claims on behalf of the class.  Novak, 52 S.W.3d at 710; see Inman,
252 S.W.3d at 307 (AIf the named plaintiffs in a
putative class action do not have standing to assert their own individual
claims, the entire action[] must be dismissed.@).








Standing to sue may be predicated upon either
statutory or common law authority.  Williams
v. Lara, 52 S.W.3d 171, 178B79 (Tex.
2001); Nauslar v. Coors Brewing Co., 170 S.W.3d 242, 252 (Tex. App.CDallas
2005, no pet.).  The common law standing
rules apply except where standing is statutorily conferred.  SCI Tex. Funeral Servs., Inc. v. Hijar,
214 S.W.3d 148, 153 (Tex. App.CEl Paso
2007, pet. denied) (op. on reh=g).  To establish common law standing, a plaintiff
must show a distinct injury and a real controversy between the parties which
will actually be determined by the judicial declaration sought.  Id. at 153B54; see
also Inman, 252 S.W.3d at 304B05 (AFor
standing, a plaintiff must be personally aggrieved; his alleged injury must be
concrete and particularized, actual or imminent, not hypothetical.@).








When standing has been statutorily conferred, the
statute itself serves as the proper framework for a standing analysis.  Hijar, 214 S.W.3d at 154.  To meet the DTPA=s
standing requirement, a complaining party must plead and prove that it is a Aconsumer.@  Tex. Bus. & Com. Code Ann. ' 17.50(a)
(Vernon Supp. 2008); Jones v. Star Houston, Inc., 45 S.W.3d 350, 356
(Tex. App.CHouston [1st Dist.] 2001, no
pet.).  To qualify as a consumer, the
person must have sought or acquired goods or services by purchase or lease, and
the goods or services purchased or leased must form the basis of the complaint.  Tex. Bus. & Com. Code Ann. ' 17.45(4);
Cameron v. Terrell & Garrett, Inc., 618 S.W.2d 535, 539 (Tex.
1981).  A plaintiff=s
standing as a consumer is established by his relationship with the transaction,
not by a contractual relationship with the seller.  Kennedy v. Sale, 689 S.W.2d 890, 892B93 (Tex.
1985); Lukasik v. San Antonio Blue Haven Pools, Inc., 21 S.W.3d 394, 401
(Tex. App.CSan Antonio 2000, no pet.).  Thus, a person need not be a direct purchaser
to satisfy the requirement that he seek or acquire goods or services by
purchase or lease; in very limited situations, a third-party beneficiary may
qualify as a consumer of goods or services as long as the transaction was
specifically required by or intended to benefit the third-party and the good or
service was rendered to benefit the third party.  See Kennedy, 689 S.W.2d at 892B93; Lukasik,
21 S.W.3d at 401.

C.     No Named Plaintiff Had Standing When Suit
was Filed

1.     Okland=s DTPA
Claim








The relevant jurisdictional evidence shows that
Okland is employed at Okland Construction in the accounts payable
department.  Okland Construction is a
corporation; Okland=s husband is Vice President and
his brother is President.[6]  Okland travels Aa lot@ with
her husband, and she uses a travel agent or the Internet on the office computer
to make travel arrangements for her husband=s
business trips.[7]  Okland used Travelocity=s
website to book two trips that form the basis of her claims against
Travelocity:  one to Scottsdale, Arizona,
and one to Jackson, Wyoming.  Okland did
not recall any particulars about the trip to Jackson, but she did recall that
the purpose of the Scottsdale trip was for (1) AThanksgiving,
taking our family down@ and (2) business.  Although Okland claimed that the Scottsdale
trip was partly for Thanksgiving, she used the company credit card to pay for
the Scottsdale trip, and she specifically confirmed that the Acompany@Cnot her
or her husbandCpaid for the trip.  Okland Construction also paid for the trip to
Jackson.  At her deposition, when Okland
stated that Okland Construction paid for the trip, she also said, ABut my
husband was the owner so it=s the
same pocket.@













Appellants argue that A[b]ased
on these facts, Okland clearly meets the definition of a [consumer] within the
meaning of the DTPA.@ 
We disagree.  Although Okland made
the reservations, the evidence is undisputed that she did not personally pay
for the Scottsdale and Jackson trips; Okland Construction paid for the
trips.  That Okland herself booked the
trip and went to Scottsdale with her husband does not in and of itself make her
a consumer under the DTPA because Okland ConstructionCnot
OklandCpurchased
Travelocity=s services.  See Tex. Bus. & Com. Code Ann. ' 17.45(4);
Cameron, 618 S.W.2d at 539 (stating that to be a consumer under the
DTPA, the person must have sought or acquired goods or services by purchase
or lease).  Okland Construction has
never asserted any claims against Travelocity, and Appellants=
contention that Okland and Okland Construction are Athe same
pocket@ is
without merit because it is contrary to basic principles of corporate law
relating to recovery for harm incurred by a corporation.  This is true even if Okland was a shareholder
of Okland Construction, which there is no evidence that she was.[8]  See Swank v. Cunningham, 258 S.W.3d
647, 661 (Tex. App.CEastland 2008, pet. denied)
(stating that a cause of action against one who has injured a corporation
belongs to the corporation); Redmon v. Griffith, 202 S.W.3d 225, 233B34 (Tex.
App.CTyler
2006, pet. denied) (stating that Aa
plaintiff who seeks individual redress based on allegations concerning wrongs
done to a corporation lacks standing,@ that Aa
corporate shareholder has no individual cause of action for personal damages
caused solely by a wrong done to the corporation,@ and
that Ato
recover for wrongs done to the corporation, the shareholder must bring the suit
derivatively in the name of the corporation@).

Further, Okland is not a consumer as a result of
some benefit that she incurred stemming from the transaction between Okland
Construction and Travelocity.  See
Kennedy, 689 S.W.2d at 892B93; Lukasik,
21 S.W.3d at 401.  Although part of the
reason for the trip to Scottsdale was for Thanksgiving, the evidence does not
demonstrate that Okland Construction paid for the hotel bookings because it was
specifically required to do so by Okland or because the transaction was specifically
intended to benefit Okland; Okland testified that Okland Construction paid for
the trip because her husband Awill go
into the office and work or go to the different job sites.@  Okland=s
benefit, if any, derived from the transaction between Okland Construction and
Travelocity is incidental.[9]  See Serv. Corp. Int=l. v.
Aragon, 268 S.W.3d 112, 117 (Tex. App.CEastland
2008, pet. filed) (explaining distinction between primary intended beneficiary
and incidental beneficiary).








Appellants argue that the cases relied upon by
Travelocity are distinguishable because they were determined at the summary
judgment level, not at the motion to dismiss level.  But standing is a component of subject matter
jurisdiction, which can be raised at any time. 
Tex. Ass=n of Bus., 852
S.W.2d at 445; Cadle Co. v. Bray, 264 S.W.3d 205, 210 (Tex. App.CHouston
[1st Dist.] 2008, pet. denied).

We hold that the trial court did not err by
granting Travelocity=s plea to the jurisdiction and
motion to dismiss for want of subject matter jurisdiction on the ground that
Okland did not have standing at the time suit was filed to pursue her DTPA
claim against Travelocity.  We overrule
this part of Appellants= third issue.

2.     Okland=s Common
Law Claims








Okland did not plead a claim for breach of
contract in the original class action petition; she limited her common law
claims in that petition to conversion, imposition of a constructive trust, and
money had and received.  Okland pleaded a
claim for breach of contract in the third amended class action petition, but
the trial court struck that petition.[10]  The record does not contain a first amended
class action petition or a second amended class action petition.  Thus, the record does not contain a pleading
that was not struck in which Okland asserted a common law claim for breach of
contract.  See Randle v. NCNB Tex. Nat=l Bank, 812
S.W.2d 381, 384 (Tex. App.CDallas
1991, no writ) (reasoning that an amended petition that has been struck
restores a previous pleading as a live pleading).  Appellants have not provided this court with
a sufficient record to show that the trial court erred by granting Travelocity=s plea
to the jurisdiction due to Okland=s alleged
standing to assert her common law claim for breach of contract.

Nonetheless, to the extent we may determine
whether Okland has standing to pursue her breach of contract claim, we hold
that she did not have standing to assert that claim or her other common law
claims.  There is no evidence that Okland
suffered a distinct, particularized, actual injury because Okland Construction,
not Okland, paid for the trips to Scottsdale and Jackson.  Okland herself may have used Travelocity=s
website to book the trips, but she did not pay any of the ATaxes
and Fees@ and Aexcessive
room rates@ that Appellants complain of in
the original class action petition. 
Okland=s injury is hypothetical or
abstract. 








Appellants argue that to establish a breach of
contract, Okland need only show a valid contract and a breach because Aat least
nominal damages are then available.@  As Travelocity points out, however, the
jurisdictional inquiry into standing is different from an inquiry into the
merits of the claim.  Standing focuses on
the question of who may bring an action, and just as a court may not delve into
the merits of a claim when deciding whether standing exists, Appellants may not
cloud the jurisdictional issue with merit-based arguments, evidence, or
both.  See Novak, 52 S.W.3d at
708; Bland ISD, 34 S.W.3d at 554; AVCO Corp. v. Interstate Sw., Ltd.,
251 S.W.3d 632, 654 (Tex. App.CHouston
[14th Dist.] 2007, pet. denied) (stating that damages are a matter of proof and
that consideration of damages goes beyond the jurisdictional inquiry and into
the merits of the claim).

Appellants also argue that Okland has standing
because she acted as an agent on behalf of an undisclosed principal.  See Perry v. Breland, 16 S.W.3d 182,
187 (Tex. App.CEastland 2000, pet. denied)
(listing exceptions to rule that an agent may not maintain a suit in his own
name based upon his principal=s
contract).  Appellants contend that if
Okland was acting for an Aundisclosed principal@ when
she used Travelocity rather than for herself, then Travelocity was not aware of
the identity of the Aprincipal@ until
well after the litigation commenced, and Okland=s
contract with Travelocity is enforceable. 
We disagree for a few reasons.








Unlike the agent in Perry, who gave his
own draft drawn on his own bank account, Okland did not personally pay for the
bookings.  See id.  Also, the Perry court pointed out that
A[a]n
agent contracting for an undisclosed principal has the right to sue if it is
apparent that the contract would be enforceable against him if the opposite
party sued.@ 
Id.  Here, Okland Construction=s
failure to abide by its bargain with Travelocity would subject Okland
Construction, not Okland, to possible liability because Okland Construction
paid for the bookings.  Additionally,
Appellants do not identify who this Aundisclosed
principal@ is.  If the Aundisclosed
principal@ is Okland Construction (there
is no evidence to indicate that it is any other entity or person), then
Appellants are arguing that Okland should be able to maintain her breach of
contract claim in her own name based upon Okland Construction=s
contract with Travelocity.  This positionC that
Okland Construction, not Okland, contracted with TravelocityCis
clearly inconsistent with Appellants= other
standing arguments above.  

Appellants=
argument in support of Okland=s breach
of contract claim includes any arguments made regarding Okland=s other
common law claims for conversion, imposition of a constructive trust, and money
had and received.  We hold that the trial
court did not err by granting Travelocity=s plea
to the jurisdiction and motion to dismiss for want of subject matter
jurisdiction on the ground that Okland lacks standing to pursue her common law
claims against Travelocity.  We overrule
this part of Appellants= third issue.

3.     Rogers=s
Standing and Appellants= First
and Second Issues








In the remainder of their third issue, Appellants
argue that Rogers has standing to assert DTPA and common law claims against
Travelocity.  Having determined that the
trial court did not err by granting Travelocity=s motion
to dismiss on the ground that Okland lacked standing to assert her statutory
and common law claims, we hold that Okland lacked standing to amend her
petition to add Rogers as a named plaintiff. 
See Summit Office Park, Inc. v. U.S. Steel Corp., 639 F.2d 1278,
1282 (5th Cir. 1981) (holding Athat
where a plaintiff never had standing to assert a claim against the defendants,
it does not have standing to amend the complaint . . . by substituting new
plaintiffs@); Zangara v. Travelers
Indem. Co. of Am., No. 1:05CV731, 2006 WL 825231, at *2B3 (N.D.
Ohio Mar. 30, 2006) (holding that a plaintiff, stripped of standing to assert a
claim against defendants, has no standing to amend the complaint to substitute
a new plaintiff).













Additionally, when Travelocity filed its plea to
the jurisdiction and motion to dismiss, Okland was the only named plaintiff who
had also been named at the time suit was filed in January 2005 because Polapink
nonsuited his claims against Travelocity in March 2006, Deaton nonsuited his
claims in August 2006, Rogers did not join the lawsuit until April 2007, and
Leffert and Malhotra were not identified as named plaintiffs until Appellants
filed their third amended class action petition in August 2007.  Having determined that the trial court
properly granted Travelocity=s plea
to the jurisdiction on the ground that Okland lacked standing, no named
plaintiff had standing to pursue his or her claims against Travelocity at the
time suit was filed.  Because no named
putative class representative had standing to pursue his or her claims against
Travelocity at the time suit was filed, the trial court lacked subject matter
jurisdiction to hear the case, including Rogers=s
subsequently filed claims.[11]  See Inman, 252 S.W.3d at 307; Novak,
52 S.W.3d at 710; Tex. Ass=n of
Bus., 852 S.W.2d at 445; see also Tex. Commerce Bank, N.A. v. Grizzle,
96 S.W.3d 240, 255B56 (Tex. 2002) (reasoning that
regardless of when amended petitions and purported interventions were filed,
trial court still had to consider named plaintiff=s
standing to bring suit before granting interventions); Kilpatrick v.
Kilpatrick, 205 S.W.3d 690, 703B04 (Tex.
App.CFort
Worth 2006, pet. denied) (holding in part that because appellant lacked
standing at the time suit was filed, the suit must be dismissed even if
appellant later acquired an interest sufficient to support standing).  We overrule the remainder of Appellants= third
issue.

We resolve Appellants= first and
second issues similarly.  In their first
issue, Appellants argue that the trial court abused its discretion by granting
Travelocity=s motion to strike Appellants= third
amended class action petition.  In their
second issue, Appellants argue that the trial court abused its discretion by
denying Leffert=s and Malhotra=s motion
to intervene.  As above, if Okland lacked
standing to amend the petition to add Rogers as a named plaintiff, she also
lacked standing to amend the petition to add Leffert and Malhotra as named
plaintiffs.  See Summit Office Park,
Inc., 639 F.2d at 1282; Turner v. First Wis. Mortgage Trust, 454 F.
Supp. 899, 913 (E.D. Wis. 1978) (stating that Aa third
party cannot intervene pursuant to Rule 24 of the Federal Rules of Civil
Procedure in a class action suit to save a claim as to which the original plaintiff
never had a claim[,] >for the intervenors cannot
possibly have a claim or defense in common with a plaintiff who never had a
claim=@ and
that Aa
plaintiff who cannot maintain her own complaint has no right to amend . . . to
bring in other parties who will thereafter remain as parties when the complaint
is dismissed as to the original plaintiff@); Zangara,
2006 WL 825231, at *2B3.








Moreover, because no named putative class
representative had standing to pursue his or her claims against Travelocity at
the time suit was filed, the trial court lacked subject matter jurisdiction to
consider Appellants= intervention and amended
pleading issues.  See Novak, 52
S.W.3d at 708; Lawler, 252 S.W.3d at 855 (stating that standing is
determined at the time suit is filed); see also Grizzle, 96 S.W.3d at
256 (concluding that because Grizzle had no live individual claim, the trial
court properly struck amended petitions that sought to add new class
representatives).  We overrule Appellants= first
and second issues.[12]

                                          IV.  CONCLUSION

Having overruled all of Appellants= issues,
we affirm the trial court=s judgment.

BILL
MEIER

JUSTICE

 

PANEL:  LIVINGSTON, WALKER, and
MEIER, JJ.

DELIVERED:  June 18, 2009











[1]See Tex. R. App. P. 47.4.





[2]The proposed class
consists of those consumers who, from October 1, 2002, to the present, A(1) reserved hotel
accommodations online through [Travelocity], (2) received a quote that
specified a price for the accommodations plus a charge for >taxes and fees,= and (3) paid Travelocity
for the accommodations plus the >taxes and fees.=@





[3]Appellants do not dispute
that Rogers joined the lawsuit as a putative class representative on April 9,
2007.  See Tex. R. App. P. 38.1(g)
(stating that in a civil case, the court will accept as true the facts stated
unless another party contradicts them).





[4]This is the earliest
dated pleading in the record identifying Leffert and Malhotra as named
plaintiffs.





[5]A[T]he fact that unnamed
class members have standing adds nothing to the inquiry of whether the named
plaintiff is a proper party with standing to raise issues generally.@  Novak, 52 S.W.3d at 710 (citing
Simon v. E. Ky. Welfare Rights Org., 426 U.S. 26, 40 n.20, 96 S. Ct. 1917,
1925 (1976)).





[6]Okland Construction
performs Abig@ jobs Aall over the United
States@ and has approximately
500 employees.





[7]Okland confirmed that her
son has a computer at home (but she never uses it to make travel arrangements
over the Internet) and that there are no other computers that she has ever used
to access the Internet for purposes of booking travel.





[8]At the hearing on
Travelocity=s plea to the
jurisdiction and motion to dismiss, the trial court questioned Appellants about
the legal implications concerning their contention that Okland and Okland
Construction are the Asame pocket.@  The following exchange occurred:

 

The Court:  And you=re trying to, knowingly, lay open the personal
liability of the Okland family for any injuries that might be caused by this
business by saying it=s the same pocket.  Are you serious about that?

 

[Appellants= attorney]:  I=m not attempting to lay open their liability for
anything, Your Honor.  I=m simply - -

 

The Court:  Well, I would hope
not.  But that=s what you=re doing.  If you=re taking the position that the corporation is
the individuals, aren=t you laying them open
for liability claims?  Have you cleared
with Carolee Okland and her family that the position you=re taking in this case
would basically admit that the corporations are a sham, and it=s one pocket, and that
they don=t any longer have any
corporate protection?





[9]Thus, the cases cited by
Appellants are inapposite.  See
Chamrad v. Volvo Cars of N. Am., 145 F.3d 671 (5th Cir. 1998); Wellborn
v. Sears, Roebuck & Co., 970 F.2d 1420 (5th Cir. 1992).





[10]Appellants argue in their
first issue that the trial court abused its discretion by granting Travelocity=s motion to strike
Appellants= third amended class
action petition, but we overrule that issue below.





[11]Appellants argue in their
reply brief that subject matter jurisdiction Awas established@ when Rogers joined as a
class representative.  This is
inconsistent with the fundamental requirement that standing, which is a
component of subject matter jurisdiction, must exist at the time suit is filed.  See Novak, 52 S.W.3d at 710 (holding
that a named plaintiff=s lack of individual standing at the time suit
is filed deprives the court of subject matter jurisdiction over the
plaintiff=s individual claims and
the claims on behalf of the class); cf. County of Cameron v. Brown,
80 S.W.3d 549, 555 (Tex. 2002) (stating that when a plaintiff fails to plead facts
that establish jurisdiction, but the petition does not affirmatively
demonstrate incurable defects in jurisdiction, the issue is one of pleading
sufficiency and the plaintiff should be afforded the opportunity to
amend).  Okland was a named plaintiff at
the time suit was filed; Rogers was not.





[12]Because we overrule
Appellants= first and second issues
on these grounds, we need not additionally consider whether the trial court
abused its discretion under rules of civil procedure 63 and 60.  See Tex. R. App. P. 47.1.