**WITHDRAWN 10/13/10**
**REISSUED 10/13/10**



## IN THE
## TENTH COURT OF APPEALS

_____

### No. 10-09-00314-CV

**ROBERT D. SHIPLEY,**

**Appellant**

 **v.**

**UNIFUND CCR PARTNERS,**

**Appellee**

_____

**From the 87th District Court**
**Freestone County, Texas**
**Trial Court No. 08-294-A**

_____

## MEMORANDUM  OPINION

_____

Robert Shipley appeals from the entry of a judgment against him for a debt on a credit card account.  He complains that the trial court erred by not dismissing the suit against him because Unifund CCR Partners lacked standing to bring the suit because they did not own the debt and therefore the court lacked subject matter jurisdiction. Shipley also complains that the evidence was legally insufficient for the trial court to have granted a judgment against him and in favor of Unifund CCR Partners because there was no evidence that Shipley's debt had been assigned to Unifund CCR Partners.

Because we find no error in the trial court's judgment, we affirm the judgment of the trial court.

*Standing*

Shipley contends that Unifund CCR Partners did not own the account in question, and therefore, they lacked standing to bring the suit against him. Citibank South Dakota, N.A. sold the account to Unifund Portfolio A., LLC. Unifund Portfolio A, LLC then assigned its rights to collect the account to Unifund CCR Partners, but retained the title and ownership of the account. In his brief to this Court, Shipley does not complain about the sale of the account from Citibank to Unifund Portfolio A, but of the assignment from Unifund Portfolio A to Unifund CCR Partners.

Standing, a necessary component of subject-matter jurisdiction, is a constitutional prerequisite to maintaining a suit under Texas law. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444-45 (Tex. 1993). Whether a party has standing to pursue a claim is a question of law reviewed de novo. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998).

Standing refers to a party's justiciable interest in a controversy. *See Nootsie, Ltd. v. Williamson County Appraisal Dist.*, 925 S.W.2d 659, 661-62 (Tex. 1996); *Town of Fairview v. Lawler*, 252 S.W.3d 853, 855 (Tex. App.—Dallas 2008, no pet.). Only the party whose primary legal right has been breached may seek redress for an injury. *Nauslar v. Coors Brewing Co.*, 170 S.W.3d 242, 249 (Tex. App.—Dallas 2005, no pet.). Without a breach of a legal right belonging to that party, that party has no standing to litigate. *Cadle Co. v. Lobingier*, 50 S.W.3d 662, 669-70 (Tex. App.—Fort Worth 2001, pet. denied). In

reviewing standing on appeal, we construe the petition in favor of the plaintiff, and if necessary, review the entire record to determine if any evidence supports standing. *See Tex. Air Control*, 852 S.W.2d at 446.

An "assignment" is simply a transfer of some right or interest. *See Pagosa Oil & Gas, L.L.C. v. Marrs & Smith P'ship*, No. 08-07-00090-CV, 2010 Tex. App. LEXIS 938 at *10 (Tex. App.—El Paso Feb. 10, 2010, no pet. h.) (*citing University of Texas Med. Branch at Galveston v. Allan*, 777 S.W.2d 450, 452 (Tex. App.—Houston [14th Dist.] 1989, no writ). As such, an assignment is a contract between the assignor of a right and an assignee, who receives the authority to assert that right. *See id*. at 453.

When an assignee holds a contractually valid assignment, that assignee steps into the shoes of the assignor and is considered under the law to have suffered the same injury as the assignors and have the same ability to pursue the claims. *Southwestern Bell Tel. Co. v. Mktg. on Hold Inc.*, 53 Tex. Sup. Ct. J. 322, 2010 Tex. LEXIS 159 (Tex. 2010) (*citing Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 572 (Tex. 2001).

The assignability of a cause of action is generally freely permitted, but assignments may be invalidated on public policy grounds. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 129 & n.11 (Tex. 2004) ("As a rule, parties have the right to contract as they see fit as long as their agreement does not violate the law or public policy."); *State Farm Fire & Cas. Co. v. Gandy*, 925 S.W.2d 696, 707-19 (Tex. 1996) (listing cases invalidating assignments); RESTATEMENT (SECOND) OF CONTRACTS § 317(2)(b) (1981) ("A contractual right can be assigned unless . . . the assignment is forbidden by statute or is otherwise inoperative on grounds of public policy."). Shipley has not raised an issue

that any public policy ground recognized by the Texas Supreme Court exists in this case.

When we review the entire record, including the petition filed by Unifund CCR Partners, Unifund Partners' responses to Shipley's motion for no-evidence summary judgment, and the evidence presented at trial where Unifund CCR Partners alleged that it was the assignee of Shipley's account and was entitled to sue to collect the debt, we conclude that there is some evidence which supports the trial court's finding that Unifund Partners had standing to sue to collect the debt. *See Sprint Communications Co., L.P. v. APCC Services, Inc.*, ___ U.S. ___, 128 S. Ct. 2531, 2541-43, 171 L. Ed. 2d 424 (2008) (assignee for collection may properly sue on the assigned claim); *Eaves v. Unifund CCR Partners*, 301 S.W.3d 402, 405 (Tex. App.—El Paso 2009, no pet.) (internal citations omitted). We overrule issue one.

*Legal Sufficiency*

Shipley complains that the evidence was legally insufficient to establish that his account was legally assigned to Unifund CCR Partners because he contends that the evidence introduced at trial did not establish the ownership of the account by Unifund CCR Partners. In analyzing a legal sufficiency or no-evidence issue, we consider the evidence in the light most favorable to the challenged finding and indulge every reasonable inference that would support it. *City of Keller v. Wilson*, 168 S.W.3d 802, 821-22 (Tex. 2005). A no-evidence challenge may be sustained only when (1) the record discloses a complete absence of a vital fact, (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact, (3) the

only evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence conclusively establishes the opposite of a vital fact. *Id*. at 810.

The only evidence offered at trial was documentary. Unifund CCR Partners offered a business records affidavit with attached records into evidence. Shipley objected on multiple grounds. The trial court sustained the objection as to hearsay for all portions of the affidavit other than the required business records affidavit questions. *See* TEX. R. EVID. 902(10). The business records affidavit contained a statement by the records custodian that the attached records were related to Shipley's account, that they were kept in the regular course of their business, that it was in the regular course of their business to keep the records, that the records were made at or near the relevant time, and that they were originals or exact duplicates of the originals. A portion of the records contained copies of billing records sent from Citibank to Shipley demonstrating the account activity, as well as a copy of the bill of sale from Citibank to Unifund Portfolio A and the assignment from Unifund Portfolio A to Unifund CCR Partners.

The bill of sale from Citibank to Unifund Portfolio transfers all interests to the "Accounts described in Section 1.2 of the Agreement…" but that section is not attached to the agreement. The assignment from Unifund Portfolio to Unifund Partners is even less specific. It merely mentions assigning its right in "the Receivables," but never specifies what those Receivables are. Unifund CCR Partners was less than thorough in establishing its right to this claim. However, because we indulge all reasonable inferences in support of the judgment in a legal sufficiency review, we find that there is

more than a scintilla of evidence that Shipley's account was properly assigned to Unifund CCR Partners.  We overrule issue two.

*Conclusion*

We conclude that Unifund CCR Partners had standing to file suit against Shipley and that the evidence was legally sufficient to establish that the account was lawfully assigned to Unifund CCR Partners.  We affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
Affirmed
Opinion delivered and filed June 16, 2010
[CV06]