WITHDRAWN 10/13/10

REISSUED 10/13/10

IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00314-CV

 

Robert D. Shipley,

                                                                                    Appellant

 v.

 

Unifund CCR Partners,

                                                                                    Appellee

 

 



From the 87th District
Court

Freestone County, Texas

Trial Court No. 08-294-A

 



MEMORANDUM  Opinion










 

            Robert Shipley appeals from
the entry of a judgment against him for a debt on a credit card account.  He
complains that the trial court erred by not dismissing the suit against him
because Unifund CCR Partners lacked standing to bring the suit because they did
not own the debt and therefore the court lacked subject matter jurisdiction. 
Shipley also complains that the evidence was legally insufficient for the trial
court to have granted a judgment against him and in favor of Unifund CCR
Partners because there was no evidence that Shipley’s debt had been assigned to
Unifund CCR Partners.  Because we find no error in the trial court’s judgment,
we affirm the judgment of the trial court.

Standing

Shipley contends that Unifund CCR
Partners did not own the account in question, and therefore, they lacked
standing to bring the suit against him.  Citibank South Dakota, N.A. sold the
account to Unifund Portfolio A., LLC.  Unifund Portfolio A, LLC then assigned
its rights to collect the account to Unifund CCR Partners, but retained the
title and ownership of the account.  In his brief to this Court, Shipley does
not complain about the sale of the account from Citibank to Unifund Portfolio
A, but of the assignment from Unifund Portfolio A to Unifund CCR Partners.   

Standing, a necessary component of
subject-matter jurisdiction, is a constitutional prerequisite to maintaining a
suit under Texas law.  Tex. Ass'n of Bus. v. Tex. Air Control Bd.,
852 S.W.2d 440, 444-45 (Tex. 1993).  Whether a party has standing to pursue a
claim is a question of law reviewed de novo.  Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998).

Standing refers
to a party’s justiciable interest in a controversy.  See Nootsie, Ltd. v.
Williamson County Appraisal Dist., 925 S.W.2d 659, 661-62 (Tex. 1996); Town of Fairview v. Lawler, 252 S.W.3d 853, 855 (Tex. App.—Dallas 2008,
no pet.).  Only the party whose primary legal right has been breached may seek
redress for an injury.  Nauslar v. Coors Brewing Co., 170 S.W.3d 242,
249 (Tex. App.—Dallas 2005, no pet.).  Without a breach of a legal right
belonging to that party, that party has no standing to litigate.  Cadle Co.
v. Lobingier, 50 S.W.3d 662, 669-70 (Tex. App.—Fort Worth 2001, pet.
denied).  In reviewing standing on appeal, we construe the petition in favor of
the plaintiff, and if necessary, review the entire record to determine if any
evidence supports standing.  See Tex. Air Control, 852
S.W.2d at 446.

An “assignment” is simply a transfer of
some right or interest.  See Pagosa Oil & Gas, L.L.C. v. Marrs &
Smith P'ship, No. 08-07-00090-CV, 2010 Tex. App. LEXIS 938 at *10 (Tex.
App.—El Paso Feb. 10, 2010, no pet. h.) (citing University of Texas Med.
Branch at Galveston v. Allan, 777 S.W.2d 450, 452 (Tex. App.—Houston [14th
Dist.] 1989, no writ).  As such, an assignment is a contract between the
assignor of a right and an assignee, who receives the authority to assert that
right.  See id. at 453.  

When an assignee holds a contractually
valid assignment, that assignee steps into the shoes of the assignor and is
considered under the law to have suffered the same injury as the assignors and
have the same ability to pursue the claims.  Southwestern Bell Tel. Co. v.
Mktg. on Hold Inc., 53 Tex. Sup. Ct. J. 322, 2010 Tex. LEXIS 159 (Tex. 2010) (citing Holy Cross Church of God in Christ v. Wolf, 44 S.W.3d 562, 572 (Tex. 2001).  

The assignability of a cause of action
is generally freely permitted, but assignments may be invalidated on public
policy grounds.  In re Prudential Ins. Co. of Am., 148 S.W.3d 124, 129
& n.11 (Tex. 2004) (“As a rule, parties have the right to contract as they
see fit as long as their agreement does not violate the law or public
policy.”); State Farm Fire & Cas. Co. v. Gandy, 925 S.W.2d 696,
707-19 (Tex. 1996) (listing cases invalidating assignments); Restatement (Second) of Contracts §
317(2)(b) (1981) (“A contractual right can be assigned unless . . . the
assignment is forbidden by statute or is otherwise inoperative on grounds of
public policy.”).  Shipley has not raised an issue that any public policy ground
recognized by the Texas Supreme Court exists in this case.

When we review the entire record,
including the petition filed by Unifund CCR Partners, Unifund Partners’
responses to Shipley’s motion for no-evidence summary judgment, and the
evidence presented at trial where Unifund CCR Partners alleged that it was the
assignee of Shipley’s account and was entitled to sue to collect the debt, we
conclude that there is some evidence which supports the trial court’s finding
that Unifund Partners had standing to sue to collect the debt.  See Sprint
Communications Co., L.P. v. APCC Services, Inc., ___ U.S. ___, 128 S. Ct. 2531, 2541-43, 171 L. Ed. 2d 424 (2008) (assignee for collection may properly
sue on the assigned claim); Eaves v. Unifund CCR Partners, 301 S.W.3d
402, 405 (Tex. App.—El Paso 2009, no pet.) (internal citations omitted).  We
overrule issue one. 

Legal Sufficiency

Shipley complains that the evidence was
legally insufficient to establish that his account was legally assigned to
Unifund CCR Partners because he contends that the evidence introduced at trial
did not establish the ownership of the account by Unifund CCR Partners.  In
analyzing a legal sufficiency or no-evidence issue, we consider the evidence in
the light most favorable to the challenged finding and indulge every reasonable
inference that would support it.  City of Keller v. Wilson, 168 S.W.3d
802, 821-22 (Tex. 2005).  A no-evidence challenge may be sustained only when
(1) the record discloses a complete absence of a vital fact, (2) the court is
barred by rules of law or evidence from giving weight to the only evidence
offered to prove a vital fact, (3) the only evidence offered to prove a vital
fact is no more than a mere scintilla, or (4) the evidence conclusively
establishes the opposite of a vital fact.  Id. at 810.

The only evidence offered at trial was
documentary.  Unifund CCR Partners offered a business records affidavit with
attached records into evidence.  Shipley objected on multiple grounds.  The
trial court sustained the objection as to hearsay for all portions of the
affidavit other than the required business records affidavit questions.  See
Tex. R. Evid. 902(10).  The
business records affidavit contained a statement by the records custodian that
the attached records were related to Shipley’s account, that they were kept in
the regular course of their business, that it was in the regular course of
their business to keep the records, that the records were made at or near the
relevant time, and that they were originals or exact duplicates of the
originals.  A portion of the records contained copies of billing records sent
from Citibank to Shipley demonstrating the account activity, as well as a copy
of the bill of sale from Citibank to Unifund Portfolio A and the assignment
from Unifund Portfolio A to Unifund CCR Partners.   

The bill of sale from Citibank to
Unifund Portfolio transfers all interests to the “Accounts described in Section
1.2 of the Agreement…” but that section is not attached to the agreement.  The
assignment from Unifund Portfolio to Unifund Partners is even less specific. 
It merely mentions assigning its right in “the Receivables,” but never
specifies what those Receivables are.  Unifund CCR Partners was less than
thorough in establishing its right to this claim.  However, because we indulge
all reasonable inferences in support of the judgment in a legal sufficiency
review, we find that there is more than a scintilla of evidence that Shipley’s
account was properly assigned to Unifund CCR Partners.  We overrule issue two.

Conclusion

            We conclude that Unifund CCR
Partners had standing to file suit against Shipley and that the evidence was
legally sufficient to establish that the account was lawfully assigned to
Unifund CCR Partners.  We affirm the judgment of the trial court.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Affirmed

Opinion
delivered and filed June 16, 2010

[CV06]