

# IN THE
# TENTH COURT OF APPEALS

## No. 10-10-00026-CV

**RONALD D. CAMPBELL,**

**Appellant**

v.

**CRAIG JOHNSON,**

**Appellee**

From the County Court
Leon County, Texas
Trial Court No. 2258

## MEMORANDUM  OPINION

Craig Johnson filed a forcible detainer suit for eviction against Ronald Campbell in the justice court.  The justice court awarded Johnson possession of the premises.  Campbell appealed to the County Court of Leon County.  The County Court granted Campbell's motion for directed verdict.  Campbell appeals from the trial court's judgment granting his motion for directed verdict due to the terms and conditions recited in the judgment. We dismiss this cause for lack of jurisdiction.

Campbell resides at a residence that is part of the estate of William P. Brown. Campbell's mother, Lora B. Campbell, is the daughter of Brown. Lora Campbell was deceased at the time of trial in the County Court.

Johnson's mother is the granddaughter of Brown and one of several heirs to Brown's estate. Johnson filed suit against Campbell as a group appointed representative of the heirs of the estate; however, Johnson was not an heir.

The trial court found that Ronald Campbell is an heir to Brown's estate, and granted Campbell's motion for directed verdict. The trial court's judgment allowed Campbell to remain in possession of the property subject to certain terms and conditions. The terms and conditions relate to the maintenance of the property. The record shows that Campbell had accumulated 4000 pounds of aluminum cans on the property for his "future." The terms and conditions require Campbell to clean up the property; remove all railroad cross-ties, hay, and aluminum cans from the property; build a fence for his dogs; and pay all utility bills as they become due.

In the second issue, Campbell argues that Johnson lacked standing to bring the suit against him. Standing, a necessary component of subject-matter jurisdiction, is a constitutional prerequisite to maintaining a suit under Texas law. *Texas Association of Business v. Texas Air Control Board*, 852 S.W.2d 440, 444-45 (Tex. 1993). Whether a party has standing to pursue a claim is a question of law that we review de novo. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998).

Standing refers to a party's justiciable interest in a controversy. *See Nootsie, Ltd. v. Williamson County Appraisal District*, 925 S.W.2d 659, 661-62 (Tex. 1996); *Town of*

*Fairview v. Lawler*, 252 S.W.3d 853, 855 (Tex. App.—Dallas 2008, no pet.). Only the party whose primary legal right has been breached may seek redress for an injury. *Nauslar v. Coors Brewing Co.*, 170 S.W.3d 242, 249 (Tex. App.—Dallas 2005, no pet.). Without a breach of a legal right belonging to that party, that party has no standing to litigate. *Cadle Co. v. Lobingier*, 50 S.W.3d 662, 669-70 (Tex. App.—Fort Worth 2001, pet. denied). In reviewing standing on appeal, we construe the petition in favor of the plaintiff, and if necessary, review the entire record to determine if any evidence supports standing. *See Tex. Air Control*, 852 S.W.2d at 446.

The record shows that Johnson was not an heir to the estate, but sought to represent his mother and other heirs. Johnson sought to have Campbell removed from the property on behalf of those heirs. Johnson does not claim that he has an interest in the property. Because he does not have a legal interest in the property, Johnson does not have standing to bring suit against Campbell. The trial court recognized that there was no evidence for the cause to proceed and granted Campbell's motion for directed verdict. The trial court entered judgment that Johnson take nothing in his suit against Campbell. However, the cause should have been dismissed for lack of subject matter jurisdiction. We sustain Campbell's second issue on appeal. Because of our disposition of Campbell's second issue on appeal, we need not address the remaining issues. Tex. R. App. P. 47.1.

We do not express an opinion on title to the property in question, whether there was a lease agreement between Brown's heirs and Campbell, or whether the lease agreement, if any, was breached. We further express no opinion on whether any breach

Campbell v. Johnson                                                                                    Page 3

would authorize the heirs to evict Campbell from the property, whether Campbell is entitled to exclusive possession of the premises, or whether some other action, such as a partition proceeding, is necessary to decide the legal rights and remedies of the heirs.

Because there was no subject matter jurisdiction, we render judgment dismissing the case.

AL SCOGGINS<br>
Justice

Before Chief Justice Gray,
   Justice Davis, and
   Justice Scoggins
Dismiss
Opinion delivered and filed June 15, 2011
[CV06]