**Dismissed and Opinion Filed September 8, 2020**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-19-01248-CV

No. 05-19-01382-CV

**CITY OF TERRELL, TEXAS, AND MIKE SIMS, INTERIM CITY MANAGER OF THE CITY OF TERRELL, IN HIS OFFICIAL CAPACITY, Appellants**

**V.**

**FREDERICK GEORGE EDMONDS; GUIDO COSTA; BETTE COSTA; TERRY ANGLIN; PATRICIA ANGLIN; JEFF WARREN; MAUREEN WARREN; GUY LUNA; PAUL RITTMULLER; HENRY RITTMULLER; SUZANNE BAKER; KENNETH WATTERSON; LECELIA WATTERSON; ROCKY YATES; JENNIFER YATES; JOSEPH DARST; DIANE DARST; CRYSTAL KINNEY; JUSTIN KINNEY; JOHNNY BEAN; BRENDA BEAN; STEVEN ANGELL; MARY ANGELL; JIMMY DAVIDSON; PATSY DAVIDSON; LOCKHART, HARRISON, & LOCKHART, LLC BY AND THROUGH HERMAN LOCKHART, CAROL LOCKHART, AND BILL HARRISON; LESLIE MCFARLIN; LAVERNE MCFARLIN; TIMOTHY SINNOTT; CHARLES RUSHING; GEORGE TAYLOR; TROY TINDALL; BILL HUCHMAKER; RANDY FIVECOAT; AND JAMES AYERS, APPELLEES**

On Appeal from the County Court at Law No. 2
Kaufman County, Texas
Trial Court Cause No. 103352-CC2

## MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Pedersen, III
Opinion by Justice Pedersen, III

Appellees collectively sought declaratory judgment and injunctive relief against the City of Terrell, Texas and Mike Sims, interim City manager of the City of Terrell—in his official capacity—(collectively, the "City") in relation to the City's efforts to annex areas along Interstate Highway 20 ("IH-20"), United States Highway 80 ("US 80"), State Highway 34 ("SH 34"), and State Highway 205 ("SH 205") in 1,000-foot wide strips. The City filed a plea to the jurisdiction. The trial court heard evidence and entered an order granting appellees' requested temporary injunction, which the City appealed (No. 05-19-01248-CV). Afterward, the trial court entered a separate order denying the City's plea to jurisdiction, which the City also appealed (No. 05-19-01382-CV).[1]

After reviewing the parties' briefs and the record, we vacate the trial court's order granting the temporary injunction, and we reverse the trial court's order denying appellants' plea to the jurisdiction. We dismiss appellees' suit for lack of subject-matter jurisdiction.

## I. BACKGROUND

### A. The City's Annexation Efforts

The City lies within Kaufman County, Texas and is surrounded by four entryways—IH-20, US 80, SH 34, and SH 205 ("entryways"). The City sought to

---

[1] Apart from the non-jurisdictional issues relating to the trial court's temporary injunction, the parties' briefs in the two appellate proceedings before this Court are substantively identical. Because the legal issues and our conclusions are the same, we treat the cases as companions and address them together in this opinion.

annex 1,000-foot wide strips along these entryways with "the purpose of making Terrell better" by maintaining and promoting "quality in [its] entryways." *See* TEX. LOC. GOV'T CODE §§ 43.014, 43.054, 43.0545, 43.1055 (governing municipal annexation of land, width requirements, adjacent areas, and roads).

On April 16, 2019, the City passed Resolution 927, which directed the city manager to create a service plan for certain areas along the entryways to be annexed. On May 2, 2019, the City passed Resolution 928, which provided additional direction to the city manager, including creation of discrete sub-areas or sub-sections related to the annexation areas.

In June 2019, the City passed Resolutions 931, 932, 933, and 934, which set public hearings regarding the proposed annexation for August 15, 2019, and August 20, 2019.[2] The purpose of these August hearings was for the City Council to hear feedback about the proposed annexation.[3] The City mailed annexation notice letters—which provided a color map of the proposed annexation areas and gave notice of the public hearings—to landowners in the potential annexation areas.[4] The

---

[2] These resolutions also (1) directed and authorized the Secretary of the City "to cause notice of such public hearing to be published once in a newspaper having general circulation in the City;" (2) directed the City Manager "to order a description of the proposed property to be annexed by the City" with specificity by metes and bounds; and (3) directed that "notice shall be sent to the affected property owners … notifying them of the proposed annexation."

[3] We note appellees' testimony that they were not permitted to ask questions to the city council during the August hearing(s).

[4] The City further published notice of the August 15, 2019 and August 20, 2019 public hearings in the *Terrell Tribune*.

City held both annexation public hearings, explaining the annexation process and service plans for the areas along the entryways in their respective phases. These August hearings did not include a City Council vote on the proposed annexation ordinances.

The City's Home Rule Charter requires that a proposed ordinance must be considered at two separate meetings for the ordinance to be effective.[5] On September 13, 2019, the City posted the agenda for the September 17, 2019 City Council meeting at which the City would "consider the annexation ordinances on first reading." The agenda designated the proposed annexation areas into individual ordinances, included descriptions by metes and bounds, and revealed the plan to follow sequential annexation—annexation in separate phases over time—through ten separate annexation ordinances.[6] The City's first reading of the proposed annexation did not occur due to the trial court's Temporary Restraining Order.

**B. Appellees' Petition for Declaratory Judgment and Injunctive Relief**

On September 13, 2019, appellees filed their original petition. Appellees consist of landowners who either:

---

[5] "No ordinance shall be finally adopted until it has been considered and favorably acted on by the council at two (2) separate meetings of the city council held at least seven (7) days apart except as is otherwise expressly provided for in this charter, or except as authorized by State law." Terrell, Tex., Code City Charter § 2.13, https://drive.google.com/drive/folders/0B-6XMbREP4X2YUhwRHlKM0ZvSjg (last visited Aug. 24, 2020).

[6] The City proposed sequential annexation because much of the property being proposed for was located outside of the City's one-mile extraterritorial jurisdiction.

(a)     own land that is not currently in the City's extraterritorial jurisdiction whose property would be included within the City's corporate limits should the proposed annexation occur;

(b)     own land that is currently in the City's extraterritorial jurisdiction whose property would be included within the City's corporate limits should the proposed annexation occur; or

(c) own land that is not currently in the City's extraterritorial jurisdiction whose property would be placed within the City's extraterritorial jurisdiction—but not in the City's corporate limits—should the proposed annexation occur.

Appellees' petition sought a declaratory judgment that the City violated the Texas Open Meeting Act ("TOMA") and included a request for injunctive relief. Appellees claimed the City's proposed annexation violated the City Charter and Chapters 42 and 43 of the Texas Local Government Code by seeking to annex land that falls outside of the City's extraterritorial jurisdiction (and is otherwise not owned by the City). Appellees claimed procedural violations concerning the City's notice of the proposed annexation under TOMA—that "[t]he issuance of notices for these annexation procedures lack a full legal description so as to give an ordinary individual notice that their land would annexed."

On September 13, 2019, without notice to the City, appellees obtained a Temporary Restraining Order from the trial court, which (1) enjoined the City from

"annexing or attempting to annex any of the properties listed in" the various annexation phases and (2) set the temporary injunction hearing for September 26, 2019. On September 23, 2019, the City filed a plea to the jurisdiction.

**C. Temporary Injunction Hearing and Plea to Jurisdiction**

The trial court conducted the temporary injunction hearing on September 26 and 27, 2019. The trial court heard testimony from several appellees and the sole witness for the City, Sims. Sims explained the purpose of the two ordinance reading meetings, stating:

> The first reading of any ordinance is not the adoption of the ordinance.
>
> The first reading says, [']Okay, we're approving this so that we are allowing ourselves as council to consider for final adoption on second reading.[']
>
> So[,] while we were going to consider action at council on the 17th and the 26th, … anything that came in at the last minute related to an agricultural non-annexation agreement, we would be able to include in the reading that matters.
>
> The reading that matters is the second reading because that's actually the adoption of the ordinance.

The trial court heard testimony that the City Council had not voted on the proposed annexation ordinances at any reading.

On October 8, 2019, the trial court entered a temporary injunction, which enjoined the City from "annexing or attempting to annex any of the properties listed

in" the various annexation phases. The City appealed this temporary injunction by interlocutory appeal.[7]

On November 7, 2019, the trial court heard the City's plea to jurisdiction, which was grounded in its position that "the court does not have subject matter jurisdiction over Plaintiffs' request[s]." That same day, the trial entered an order denying the City's plea to jurisdiction, which the City also appealed.[8]

## II. ISSUES RAISED ON APPEAL

The City raises the following eight jurisdictional and non-jurisdictional issues on appeal:

1. Does the Injunction Order violate the separation of powers doctrine set forth in Article II, § 1 of the Texas Constitution by enjoining the Terrell City Council from exercising its legislative right to vote on annexation ordinances, and do Appellees have standing to assert such a claim? (Jurisdictional Issue)

2. Does the Injunction Order violate the ripeness doctrine by enjoining the Terrell City Council from exercising its legislative right to vote on annexation ordinances given that if, and only if, the City actually votes to annex any, or all, of the properties of which Appellees complain, will there be a ripe and justiciable controversy for the court to adjudicate, and do Appellees have standing to assert such a claim? (Jurisdictional Issue)

3. Do Appellees possess standing to seek to enjoin the Terrell City Council from exercising its legislative right to vote on annexation ordinances based on alleged violations of TOMA given that TOMA

---

[7] Texas Civil Practices and Remedies Code section 51.014 permits appeal from a county court at law's interlocutory order that "grants or refuses a temporary injunction…" TEX. CIV. PRAC. & REM. CODE § 51.014(a)(4).

[8] Texas Civil Practices and Remedies Code section 51.014 permits appeal from a county court at law's interlocutory order that "grants or denies a plea to the jurisdiction by a governmental unit…" CIV. PRAC. & REM. § 51.014(a)(8).

–7–

may not be used in an annexation lawsuit to challenge alleged notice deficiencies, and other procedural issues, as such challenges may only be asserted by the State in a quo warranto proceeding? (Jurisdictional Issue)

4.  Do those Appellees, whose asserted harm will be that their respective properties will be placed within the City's extraterritorial jurisdiction (but not within the City limits) if the Terrell City Council exercises its legislative right to vote on annexation ordinances, possess standing given that being placed in a city's extraterritorial jurisdiction is not a legally cognizable injury? (Jurisdictional Issue)

5.  Did the trial court, in granting the Injunction Order, abuse its discretion by misapplying the law to the established facts in finding that the City violated its Home-Rule Charter, the Municipal Annexation Act, and TOMA? (Non-jurisdictional Issue)

6.  Did the trial court, in granting the Injunction Order, abuse its discretion given that the evidence did not reasonably support the determination of a probable right of recovery? (Non-jurisdictional Issue)

7.  Did the trial court, in granting the Injunction Order, abuse its discretion given that the evidence did not reasonably support that there was both imminent and irreparable harm? (Non-jurisdictional Issue)

8.  Did the trial court, in granting the Injunction Order, abuse its discretion given that there is a clear and available adequate remedy at law? (Non-Jurisdictional Issue)

We address the second and third issues as they are dispositive.

### III.  STANDARDS OF REVIEW

## A. Temporary Injunction

In addressing evidence supporting a trial court's injunction order, we review a trial court's order that grants or denies a request for a temporary injunction under an abuse of discretion standard. *RWI Constr., Inc. v. Comerica Bank*, 583 S.W.3d

269, 274 (Tex. App.—Dallas 2019, no pet.) (citing *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002)). If the trial court abused its discretion in granting such relief, the reviewing court should reverse the temporary injunction order. *Id.* "The reviewing court must not substitute its judgment for the trial court's judgment unless the trial court's action was so arbitrary that it exceeded the bounds of reasonable discretion." *Butnaru*, 84 S.W.3d at 204. When we address the trial court's jurisdiction to enter an injunction order, we employ a de novo standard. *See City of McKinney v. Hank's Rest. Group, L.P.*, 412 S.W.3d 102, 109 (Tex. App.—Dallas 2013, no pet.).

## B. Plea to Jurisdiction

A trial court's ruling on a plea challenging subject matter jurisdiction is reviewed de novo. *City of Dallas v. Redbird Dev. Corp.*, 143 S.W.3d 375, 380 (Tex. App.—Dallas 2004, no pet.) (citing *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998)). A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action based on lack of subject-matter jurisdiction without regard to the merits of the claim. *Town of Fairview v. Lawler*, 252 S.W.3d 853, 855–56 (Tex. App.—Dallas 2008, no pet.) (citing *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000)).

## IV. DISCUSSION

An applicant for a declaratory judgment must demonstrate the trial court's subject-matter jurisdiction. *See Patterson v. Planned Parenthood of Houston & Se.*

*Tex., Inc.*, 971 S.W.2d 439, 442 (Tex. 1998) (holding that ripeness and standing doctrines are threshold issues implicating subject-matter jurisdiction).

"Subject matter jurisdiction is essential to the authority of a court to decide a case." *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). The doctrines of ripeness and standing are threshold issues implicating subject-matter jurisdiction. *Patterson v. Planned Parenthood of Houston & Se. Tex., Inc.*, 971 S.W.2d 439, 442 (Tex. 1998). The plaintiff bears the burden of alleging facts that affirmatively show the trial court has subject matter jurisdiction. *Lawler*, 252 S.W.3d at 856.

### A. Ripeness Doctrine

Ripeness is an element of subject-matter jurisdiction. *City of Dallas v. Chicory Court Simpson Stuart, L.P.*, 271 S.W.3d 412, 417 (Tex. App.—Dallas 2008, pet. denied) (citing *Mayhew*, 964 S.W.2d at 928); *see also Sw. Elec. Power Co. v. Lynch*, 595 S.W.3d 678, 682 (Tex. 2020). Ripeness focuses on when an action may be brought. *Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 851 (Tex. 2000). Under the ripeness doctrine, we consider whether, at the time a lawsuit is filed, the facts are sufficiently developed "'so that an injury has occurred or is likely to occur, rather than being contingent or remote.'" *Id.* at 852 (quoting *Patterson*, 971 S.W.2d at 442). Ripeness analysis focuses on whether the case involves "'uncertain or contingent future events that may not occur as anticipated or may not occur at all.'" *Id.* (quoting *Patterson*, 971 S.W.2d at 442). A case is not ripe when determining whether the

plaintiff has a concrete injury depends on contingent or hypothetical facts or upon events that have not yet come to pass. *Id.*

It is fundamental that a court has no jurisdiction to render an advisory opinion on a controversy that is not yet ripe. *Camarena v. Tex. Employment Comm'n*, 754 S.W.2d 149, 151 (Tex. 1988) (citing *City of Garland v. Louton*, 691 S.W.2d 603 (Tex. 1985)). By focusing on whether the plaintiff has a concrete injury, the ripeness doctrine allows courts to avoid premature adjudication and serves the constitutional interests in prohibiting advisory opinions. *Gibson*, 22 S.W.3d at 852. Should the trial court lack subject-matter jurisdiction, any order or judgment rendered by the trial court is void, rather than voidable. *Redbird Dev. Corp.*, 143 S.W.3d 375 at 380; *In re United Automobile Ass'n*, 307 S.W.3d 299, 309-10 (Tex. 2010); *Mapco v. Forrest*, 795 S.W.2d 700,703 (Tex. 1990).

*Ripeness Analysis*

Here, appellees claim that the proposed annexation substantively violated the City Charter and Chapters 42 and 43 of the Texas Local Government Code because it seeks to annex land that is not within the City's extraterritorial jurisdiction and is not otherwise owned by the City. The trial court entered an order enjoining the City from "annexing or attempting to annex" properties after appellees complained of injury relating to the proposed annexation ordinance.[9] Home-rule municipalities,

---

[9] "A municipality may annex area only in its extraterritorial jurisdiction unless the municipality owns the area." LOC. GOV'T § 43.014.

such as the City of Terrell, "'derive their powers from the Texas Constitution,' 'possess the full power of self government,' and generally, 'look to the Legislature not for grants of power, but only for limitations on their power.'" *Carruth v. Henderson*, No. 05-19-01195-CV, 2020 WL 4199065, at *1 (Tex. App.—Dallas July 22, 2020, no pet. h.) (quoting *In re Sanchez*, 81 S.W.3d 794, 796 (Tex. 2002); *see Tex. Ass'n of Bus.* , 852 S.W.2d at 444–45.

Appellees contend, without citation to authority, that "ripeness after annexation proceedings have begun but before the final ordinances have been read has never been an issue." However, at the time of the temporary restraining order and temporary injunction, the City had not completed the act of adopting the annexation ordinance. Although appellees contend that there is continuing, ongoing, and imminent harm relating to the annexation, the disputed annexation is contingent upon the City considering and voting on the proposed annexation ordinance in two separate meetings of the City Council. *See* Terrell, Tex., City Charter § 2.13. The record indicates that the City Council has neither read nor voted on the proposed annexation ordinances at any meeting(s). Without adopting the ordinances on the second reading by vote, the City had made no final decision on the proposed annexation.[10] *See id.* Thus, the City had taken no action to violate either (i) the City Charter or (ii) the Texas Local Government Code as appellees allege regarding the

---

[10] We note that the City Council has equal power to vote for or against the proposed annexation. Terrell, *See* Tex., City Charter § 2.12(d). Thus, the City Council may vote against the proposed annexation.

proposed annexation. Instead, the record shows that the City proposed an annexation, noticed landowners regarding the annexation, and listened to feedback on the proposed annexation from landowners at two hearings. The record does not indicate that appellees have suffered injury or that harm is imminent. Appellees' concerns are not justiciable at this time—their case is not ripe.[11]

We conclude that because the City had made no final decision regarding the proposed annexation ordinances, appellees' allegations that the City violated its charter and the Texas Local Government Code are not ripe for adjudication.[12] *Accord TCI W. End, Inc. v. City of Dallas*, 274 S.W.3d 913, 921 (Tex. App.—Dallas 2008, no pet.) (affirming plea to jurisdiction that dismissed inverse condemnation claim as not ripe when municipality had made no final decision on revocation of building demolition permit). The trial court lacked subject-matter jurisdiction to grant the September 13, 2019 temporary restraining order and the October 8, 2019 temporary injunction. We sustain the City's second issue.

---

[11] *See Housing Auth. of City of Harlingen v. Valdez*, 841 S.W.2d 860, 866 (Tex. App.—Corpus Christi 1992, writ denied) ("a justiciable controversy does not exist where an advisory opinion is being sought if a party requests a court to render a declaratory judgment premised upon the occurrence of a future, hypothetical event."); *Southern Nat'l Bank of Houston v. City of Austin*, 582 S.W.2d 229, 237 (Tex. App.—Tyler 1979, writ ref'd n.r.e.) (property owners' apprehension that their property would be zoned under challenged zoning provision at a future date was insufficient to justify declaratory judgment; "[w]e do not feel that this apprehension of a contingency makes a proper subject for declaratory relief.").

[12] We note that our opinion addresses strictly this litigation brought by appellees. Nevertheless, appellees are free to engage in political advocacy, debate, and discussion with the City.

–13–

**B. Standing Doctrine**

Standing is a party's justiciable interest in a controversy and is a component of subject matter jurisdiction. *Lawler*, 252 S.W.3d at 855 (citing *Nootsie, Ltd. v. Williamson County Appraisal Dist.*, 925 S.W.2d 659, 661–62 (Tex. 1996)). Standing focuses on who is entitled to bring an action and is determined at the time the suit is filed in the trial court. *Id.* (citing *M.D. Anderson Cancer Ctr. v. Novak*, 52 S.W.3d 704, 708 (Tex. 2001)). If a party lacks standing to bring an action, the trial court lacks subject matter jurisdiction to hear the case. *Id.* (citing *Tex. Ass'n of Bus.*, 852 S.W.2d at 444–45).

*Standing Analysis*

Appellees contend that they have standing to proceed with their claims under TOMA. Appellees allege that the City failed to follow the procedure for noticing annexation as required by TOMA.[13] Appellees argue that the City's notices were inadequate and should have provided more detailed notice to notify landowners of the proposed annexation. We addressed the issue of a landowner challenging annexation in response to a City's alleged failure to meet TOMA's notice requirements in *Town of Fairview v. Lawler*. 252 S.W.3d at 855. In *Lawler*, we held:

> A quo warranto proceeding is the "only proper method for attacking the validity of a city's annexation of property" unless the annexation is

---

[13] "A governmental body shall give written notice of the date, hour, place, and subject of each meeting held by the governmental body." TEX. GOV'T CODE ANN. § 551.041. "The Act is intended to safeguard the public's interest in knowing the workings of its governmental bodies." *Cox Enterprises, Inc. v. Bd. of Trustees of Austin Indep. Sch. Dist.*, 706 S.W.2d 956, 960 (Tex. 1986). The notice "should specifically disclose the subjects to be considered at the upcoming meeting." *Id.* at 959.

–14–

wholly void. *Alexander Oil Co. v. City of Seguin*, 825 S.W.2d 434, 436 (Tex. 1991); *see City of Rockwall v. Hughes*, 246 S.W.3d 621, 627 (Tex. 2008) (decision in *Alexander Oil* affirmed rule that unless annexation is void or Legislature has expressly granted private right to challenge annexation in some manner, quo warranto proceeding brought by State is only proper means of attacking municipality's annexation in court). …

In his suit for declaratory judgment and injunctive relief, Lawler does not contend the Legislature expressly granted him a private right to challenge the annexation.

*Id.* at 856.

Similar to *Lawler*, appellees acknowledge that they cannot directly challenge the City's proposed annexation notices and other related procedural matters as such challenges must be brought by the State. Nonetheless, appellees seek to circumvent the quo warranto doctrine by asserting that TOMA provides a private right to sue, an avenue we rejected in *Lawler*:

Lawler next claims the Town's notice of the meeting to annex his property "did not meet the notice requirements mandated by the Texas Open Meetings Act." The only proper method for challenging "procedural irregularities such as lack of notice, adequacy of the service plan, lack of a quorum for hearing, and other defects in the process of adopting an annexation ordinance" is a quo warranto suit by the State. *City of San Antonio*, 70 S.W.3d at 210; *see Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 658 (Tex.1995). …

Lawler's challenge to the Town's authority to annex his property based on open meetings act violations fails for lack of standing.

*Id.* at 857. (parenthetical omitted).

In their argument for standing, appellees rely on *City of San Antonio v. Hardee*, wherein landowners' challenge to the City of San Antonio's annexation of

–15–

land—complaining of failure to meet the notice requirements of TOMA—survived a plea to the jurisdiction. *City of San Antonio v. Hardee*, 70 S.W.3d 207, 213 (Tex. App.—San Antonio 2001, no pet.).[14] However, appellees reliance on *Hardee* is misplaced. While we respect our sister courts' decisions, we are not bound by their precedent. In civil matters, "this Court is bound by decisions of the United States Supreme Court, the Texas Supreme Court, and prior decisions of this Court." *Owen v. Jim Allee Imports, Inc.*, 380 S.W.3d 276, 284 (Tex. App.—Dallas 2012, no pet.).[15] We are bound by our decision in *Lawler*. Thus, we reject appellees' reliance on *Hardee*.

Because appellees' assertion of TOMA in this case is indistinguishable from the assertion made by the landowner in *Lawler*, and in light of our de novo review

---

[14] Our sister court held:

> In this case, the standing provision of the Texas Open Meetings Act conflicts with prior common law limiting individual remedies for improper annexation. … If the legislature wanted to exempt annexation challenges from the mandamus and injunction remedies provided for violations of the Open Meetings Act, it could have done so. It did not.
>
> …
>
> The Open Meetings Act is designed to allow the public notice "concerning the transactions of public business." … This Court has held the Open Meetings Act to be a remedial statute which should be liberally construed to effect its purpose. Annexation is unquestionably public business affecting large numbers of taxpayers and landholders. Under the Open Meetings Act, a single challenge to the City's alleged violation would invalidate the annexation in its entirety. This eliminates one of the primary arguments for a limitation of individual actions, that is, the concern that a suit would be effective only as to the parties that brought the action, potentially leading to a plethora of successive suits by individual landowners and risking conflicting results.

*Hardee*, 70 S.W.3d at 213 (internal citations omitted).

[15] "Those familiar with Texas court practice are aware that the trial courts must follow the decisions of the intermediate courts in their own geographic region." *Owen*, 380 S.W.3d at 284.

–16–

of the court's orders, we must conclude that appellees' challenge to the City's proposed annexation based on TOMA violations fails for lack of standing. *See Lawler*, 252 S.W.3d at 856. We sustain the City's third issue.

## V. CONCLUSION

Because of our resolution of these jurisdictional issues, we need not reach the City's remaining issues. We vacate the October 8, 2019 temporary injunction, and we reverse the trial court's order denying the City's plea to the jurisdiction. We dismiss the case for want of jurisdiction.

/Bill Pedersen, III//

BILL PEDERSEN, III

191248f.p05
191382f.p05

JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CITY OF TERRELL, TEXAS, AND MIKE SIMS, INTERIM CITY MANAGER OF THE CITY OF TERRELL, IN HIS OFFICIAL CAPACITY, Appellants

No. 05-19-01248-CV        V.

FREDERICK GEORGE EDMONDS, ET AL., Appellees

On Appeal from the County Court at Law No. 2, Kaufman County, Texas Trial Court Cause No. 103352-CC2. Opinion delivered by Justice Pedersen, III. Justices Schenck and Osborne participating.

In accordance with this Court's opinion of this date, the October 8, 2019 Order on Plaintiffs' Request for a Temporary Injunction of the trial court is **VACATED**, and the cause is **DISMISSED** for want of jurisdiction.

It is **ORDERED** that appellants CITY OF TERRELL, TEXAS, AND MIKE SIMS, INTERIM CITY MANAGER OF THE CITY OF TERRELL, IN HIS OFFICIAL CAPACITY, recover their costs of this appeal from appellees FREDERICK GEORGE EDMONDS, ET AL.

Judgment entered this 8th day of September, 2020.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CITY OF TERRELL, TEXAS, AND MIKE SIMS, INTERIM CITY MANAGER OF THE CITY OF TERRELL, IN HIS OFFICIAL CAPACITY, Appellants

No. 05-19-01382-CV    V.

FREDERICK GEORGE EDMONDS, ET AL., Appellees

On Appeal from the County Court at Law No. 2, Kaufman County, Texas Trial Court Cause No. 103352-CC2. Opinion delivered by Justice Pedersen, III. Justices Schenck and Osborne participating.

In accordance with this Court's opinion of this date, the November 7, 2019 Order Denying Defendant City of Terrell's Plea to the Jurisdiction of the trial court is **REVERSED**. The City of Terrell's plea to the jurisdiction is **GRANTED**, and the cause is **DISMISSED** for want of jurisdiction.

It is **ORDERED** that appellants CITY OF TERRELL, TEXAS, AND MIKE SIMS, INTERIM CITY MANAGER OF THE CITY OF TERRELL, IN HIS OFFICIAL CAPACITY, recover their costs of this appeal from appellees FREDERICK GEORGE EDMONDS, ET AL.

Judgment entered this 8th day of September, 2020.